# In the United States Court of Federal Claims

No. 21-1658

(Filed: October 29, 2021)

NOT TO BE PUBLISHED

|  |  |
|---|---|
| **LINDSAY LEVEEN,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| **UNITED STATES,** | ) ) |
| Defendant. | ) ) |

Lindsay Leveen, *pro se*, Sausalito, CA.

John M. McAdams III, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. for defendant.  With him on the brief were Brian M. Boynton, Acting Assistant Attorney General, Civil Division, Martin F. Hockey, Jr., Acting Director, and Reginald T. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Senior Judge.

Plaintiff, Lindsay Leveen, has brought suit in this court alleging that he is entitled to a whistleblower award from the Environmental Protection Agency ("EPA") for information that he provided concerning alleged improper handling of hazardous materials.  He claims that his tips triggered an EPA investigation into an energy company that resulted in a substantial fine, respecting which Mr. Leveen asserts that he is entitled to a whistleblower award.  *See* Compl. ¶ 1, ECF No. 1.  The United States as defendant ("the government") has responded with a motion to dismiss ("Def.'s Mot.") for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC").  *See* ECF No. 13.  Mr. Leveen has filed a response to that motion ("Pl.'s Resp."), *see* ECF No. 8, and supplemental briefs including Pl.'s Supp. Br., ECF No. 17.  He has also

submitted an amended complaint.[1]  The government has filed a reply brief.  *See* ECF No. 19.  A hearing was held on October 28, 2021.

Because this court lacks subject-matter jurisdiction, Mr. Leveen's claim is DISMISSED.

## BACKGROUND[2]

Mr. Leveen's original complaint was filed on August 3, 2021 and alleges that he "was the tipster to the EPA regarding hazardous solid waste (HAZMAT) that Bloom Energy mishandled" and that he "provided the EPA hundred[s] of documents and spent hundreds of hours showing the [agency] evidence of the mishandling of HAZMAT by Bloom Energy."  Compl. ¶ 1.[3]  Plaintiff also asserts that the information purportedly provided to the government resulted in a six-year investigation and a fine of $1,360,000.  Compl. ¶ 1.  Mr. Leveen claims that he is entitled to 30% of this fee, totaling $411,000.  Compl. ¶ 1.  He avers that the government has ignored and failed to act on his claim.  Am. Compl. ¶ 1.[4]

The government's motion to dismiss Mr. Leveen's claim argues that "Mr. Leveen has failed to demonstrate that his claim falls within the subject-matter jurisdiction of the [c]ourt because it does not appear to be based upon an express or implied-in-fact contract with the United States, or a money-mandating provision of law, as required to invoke Tucker Act jurisdiction."  Def.'s Mot. at 2.  It further contends that Mr. Leveen's failure to indicate a substantive source of law entitling him to a whistleblower award would justify dismissal for failure to state a claim.  *Id.* at 3.

Mr. Leveen responded to the government's motion but did not identify any source of law to rebut the government's assertions.  Pl.'s Resp. at 1-2.  Instead, plaintiff, a chemical engineer, asserted his belief that he is entitled to a whistleblower award based on thermodynamic

---

[1] The amended complaint, *see* ECF No. 31, supersedes the original complaint, but it in essence does not materially revise the allegations in the original complaint, except that he additionally requests an award of punitive damages from the United States.

[2] The recitations that follow do not constitute findings of fact by the court.  Instead, the recited factual elements are taken from the complaint, the motion to dismiss, and plaintiff's responses.  No factual disputes are involved.

[3] Mr. Leveen's original complaint identifies the EPA only; however, his Response and Supplemental Brief identify additional federal government agencies.  *See, e.g.*, Pl.'s Resp. at 1 ("Plaintiff is the tipster to the [d]efendant including [d]efendant's FTC, DOE, EPA, DOT, FERC and SEC on the Bloom Energy hazmat."); Pl.'s Supp. Br. at 2-3 (including a letter from the Federal Trade Commission).  Plaintiff's invocation of additional government agencies in these later filings is not fundamental to his claim.

[4] At the hearing, Mr. Leveen explained that earlier this year, he submitted a request to EPA for a whistleblower award after learning that Bloom Energy had been fined late last year.

principles and common sense. *Id*. at 1. Mr. Leveen's supplemental brief urges "the court to proceed with this case as fast as possible and without delay." Pl.'s Supp. Br. at 1.

## STANDARDS FOR DECISION

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to do so, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

Mr. Leveen, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[5] "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

[5]A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 15 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But this leniency cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary*, *United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for *pro se* litigants only.").

## ANALYSIS

Mr. Leveen does not recite or rely on any statute or law that would authorize or require in these circumstances a whistleblower award for tipping off the EPA to mishandling of hazardous materials.  Nor does he argue that his tipoff created an express or implied-in-fact contract with the agency so as to entitle him to such an award.  *See, e.g.*, *Meidinger v. United States*, 146 Fed. Cl. 491, 494 ("Mr. Meidinger contends, however, that the basis for this court's jurisdiction is . . . the existence of an implied contract, which implicates this court's Tucker Act jurisdiction.").  These deficiencies are fatal to Mr. Leveen's claim.  *See Lewis v. United States*, 114 Fed. Cl. 682, 685 ("Although constituting a grant of jurisdiction, the Tucker Act does not create substantive legal rights.  To state a viable cause of action, claimants must also identify a separate source of substantive law creating a right to money damages." (internal citations omitted)).  Mr. Leveen has failed to identify such a source of substantive law, nor has the court independently done so.  The court is therefore obligated to dismiss the present case for lack of subject-matter jurisdiction.

## CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED.  Mr. Leveen's action shall be DISMISSED without prejudice for lack of subject-matter jurisdiction.  The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge